[No. 6351. Decided December 14, 1906.]

THE STATE OF WASHINGTON, *Respondent*, v. JACOB
SCHAEFER, *Appellant.*[1]

NUISANCE—SLAUGHTERHOUSE—CRIMINAL PROSECUTION — ISSUES —
PROOF AND VARIANCE. In a prosecution for maintaining a nuisance on
certain premises, it is not error to admit evidence of a flow of putrid
matter from said premises onto a public highway, where it tends to
show the maintenance of the nuisance at the place alleged, and the
jury was instructed to confine their deliberations to a nuisance main-
tained on said premises.

SAME—ORDER OF ABATEMENT—EXTENT. Upon a verdict finding the
owner of a slaughterhouse guilty of maintaining a public nuisance,
an order of abatement absolutely prohibiting him from slaughtering
any animals on his premises is too broad, where there was no issue
or evidence as to whether the business could be so conducted as to
avoid the creation of a nuisance.

Appeal from a judgment of the superior court for Asotin
county, Miller, J., entered April 19, 1906, upon a trial and
conviction of the crime of maintaining a public nuisance.
Affirmed.

*Sturdevant & Bailey*, and *Geo. W. Tannahill*, for appel-
lant.

*Geo. H. Rummens*, for respondent.

RUDKIN, J.—This was a prosecution for the crime of
maintaining a public nuisance. The information is some-
what voluminous but the substance of the charge is, that the
defendant maintained a slaughterhouse on certain described
premises in which the business of slaughtering cattle, hogs
and sheep was conducted and carried on, and that by reason
of the maintenance of such slaughterhouse, the slaughtering
of animals therein, the cooking and boiling of the offal and
entrails of such animals in a cooking tank kept and main-
tained at said slaughterhouse, the feeding of such offal and

[1]Reported in 87 Pac. 949.

entrails to hogs and chickens, and the accumulation of blood and decayed matter, vile, offensive, and noxious exhalations, injurious and dangerous to the health, comfort, safety and repose of persons traveling upon or along the roads and highways and living in the vicinity of such slaughterhouse, were emitted and sent forth into the air. The jury returned a verdict of guilty as charged, upon which the court rendered judgment imposing a fine on the defendant and abating the nuisance complained of. From this judgment the present appeal is prosecuted.

The first assignment of error is that the court admitted testimony, over objection, tending to show that offensive odors arose from the cooking tank maintained at the slaughterhouse, there being no averment in the information authorizing such proof. The record does not sustain this contention. The information charged that a cooking tank was kept and maintained at the slaughterhouse, that the offal and entrails of slaughtered animals were cooked and boiled therein, and that, by reason of such cooking and boiling, offensive odors were emitted and sent forth.

The second assignment of error is that the court admitted evidence, over objection, tending to show the existence and maintenance of a nuisance at a place other than that described in the information. Evidence was admitted tending to show that blood and water and putrid matter were permitted to flow from the premises described in the information into, and beyond, the public highway adjoining the slaughterhouse. Such proof necessarily tended to show the conditions existing on the premises described in the information, and the court expressly charged the jury that they were confined in their deliberations to a nuisance committed and maintained on said premises. There was no error in the ruling complained of.

The third and fourth assignments are based upon the ground that the order of abatement was too sweeping, and deprived the appellant of his property without compensation and with-

out due process of law.   The order of abatement recites sub-
stantially all the facts charged in the information, and ad-
judges and decrees that from and after ten days from the
date of the order, the appellant, his agents, servants, and em-
ployees shall desist and refrain from cooking or boiling the
entrails and offal of slaughtered animals on said premises,
and after forty days from the date of the order, shall further
desist and refrain from killing or slaughtering any animals
of any kind thereon.

We are of the opinion that the order of abatement went
farther than was justified by the facts before the court.    The
court charged the jury that "The business of slaughtering
animals for food is not a nuisance, as a matter of law, inde-
pendently of the manner in which it was conducted, but you
must find from the evidence beyond a reasonable doubt that
it was conducted in such a manner as to be a public nuisance
as heretofore explained to you."    This is no doubt a correct
statement of the law, but the court went beyond this in its
order of abatement.    While the order was fully warranted
by the testimony, so long as the business of the appellant is
conducted as at present, yet the order absolutely prohibits
the appellant from slaughtering animals on his own premises,
regardless of whether the business is so conducted as to avoid
the creation or maintenance of a nuisance.    In other words,
the testimony in this case does not warrant the conclusion
that the business of slaughtering animals for food on the
premises described in the information cannot be conducted
without creating or causing a nuisance.    In fact, this was
not an issue in the case at all, under the allegations of the in-
formation and the plea of not guilty, nor was it made an issue
at any stage of the trial.    Such may be the fact, but the evi-
dence before us does not establish it.    The public must be
protected against such conditions as are disclosed by this
record, but individuals must also be protected in their prop-
erty rights.    If the business of the appellant can be con-

ducted on the premises described in the information, in such a manner as not to cause or create a nuisance, he should be permitted to so conduct it. If it cannot, the rights of the appellant must yield to those of the public. On this question of fact we express no opinion.

The judgment is affirmed and the order of abatement will continue in force until modified, but the appellant is granted leave to move for such modification within thirty days after filing the remittitur in the court below. Upon the filing of such a motion, the court will take further proof and determine whether a slaughterhouse can be maintained on the appellant's premises without creating a nuisance, and if it so finds, it will prescribe the terms and conditions upon which such business may be conducted, and modify the order of abatement accordingly. *Wilcox v. Henry*, 35 Wash. 591, 77 Pac. 1055. If it finds that the business cannot lawfully be conducted there, the order of abatement will stand. Neither party will recover costs on this appeal.

CROW, FULLERTON, HADLEY, and ROOT, JJ., concur.

MOUNT, C. J. and DUNBAR, J, took no part.